**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GORDON HORNER and ANN MARIE HUDSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Little Caesar Enterprises, Inc., Phoenix Nexus LLC, Main St LC LLC, Salina St SY LC LLC, Onondaga Blvd SY LC LLC, and Manlius St SY LC LLC, Primera Holdings Corp., and ABC CORPORATIONS 1-100. <br><br> Defendants. | Civil Action No.: 5:22-cv-1324 (TJM/TWD) <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Gordon Horner and Ann Marie Hudson ("Named Plaintiffs"), on behalf of themselves and all others similarly situated (hereinafter referred to as "Plaintiffs"), alleges as follows:

**INTRODUCTION**

1.  This Class and Collective Action, challenges Defendants Little Caesar Enterprises, Inc., Phoenix Nexus LLC, Main St LC LLC, Salina St SY LC LLC, Onondaga Blvd SY LC LLC, and Manlius St SY LC LLC, Primera Holdings Corp., and ABC Corporations 1-100 (hereinafter collectively referred to as "Defendants") practices and policies of misclassifying its Managers as "exempt" employees and not paying them overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") or providing them with accurate wage statements and notices in violation of the NYLL, as well as failing to compensate all of its store employees for the purchasing and laundering of uniforms in violation of the NYLL.

2.  Defendants ensure that its Managers spend nearly all of their time performing the same tasks as the hourly workers, such as preparing menu items such as dough, pizza cheesy bread, crazy bread, and chicken wings, taking customer orders from the counter and over the telephone,

1

washing dishes, sweeping and mopping, working the cash register, trash removal, snow removal and salting/sanding the premises, washing windows, maintenance and minor repairs, cleaning and mowing parking lots in the locations that have them, and cleaning bathrooms in locations that have them.

3. Named Plaintiff Horner and other similarly situated Managers spend a very small amount of their time performing managerial type duties.

4. Accordingly, the Managers are misclassified as "exempt" employees and should receive hourly pay including overtime.

5. Defendants require all employees, regardless of title, to wear uniforms as a term and condition of their employment, including a shirt and a hat.

6. Defendants do not launder the required uniforms, nor do Defendants pay Plaintiffs the additional compensation per week as required by the NYLL and 12 NYCRR § 146-1.7.

7. Defendants only provide Plaintiffs with one shirt and one hat, and do not reimburse Plaintiffs for any additional required uniforms purchased in violations of the NYLL and 12 NYCRR § 146-1.8.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

9. This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendants and Plaintiff are subject to personal jurisdiction in this

district.

**PARTIES**

11. Named Plaintiff Gordon Horner is a resident of New York State who was employed by Defendants as a Manager at its Little Caesar's restaurant located on Wolf Street in Syracuse, New York from approximately September 2019 to August 2022. Named Plaintiff Horner also worked for Defendants at their Little Caesar's restaurant locations in East Syracuse (Manilus Street), North Syracuse (Main Street), and Syracuse (South Salina Street and Onondaga Boulevard).

12. Named Plaintiff Ann Marie Hudson is a resident of New York State who has been employed by Defendants as an Assistant Manager at its Little Caesar's restaurant located on Wolf Street in Syracuse, New York since approximately April 2021.

13. At all relevant times hereto, Plaintiffs were "employees" within the meaning of the NYLL and FLSA.

14. Defendant Little Caesar Enterprises, Inc. is a Michigan corporation with its principal place of business at 2211 Woodward Avenue, Detroit, Michigan. It is engaged in the business of operating and franchising Little Caesars restaurants throughout the United States, including locations where Named Plaintiffs performed work.

15. Defendant Phoenix Nexus LLC is a Pennsylvania corporation with a principal place of business at 406 Executive Drive, Langhorne, Pennsylvania 19047. Defendant Phoenix Nexus LLC owns and operates several Little Caesars stores across the United States, including in the Northern District of New York and locations where the Named Plaintiffs performed work. Defendant Phoenix Nexus LLC also owns and operates several additional companies that own and operate Little Caesars stores across the state of New York, including Defendants Main St LC, LLC, Salina St SY LC, LLC, Onondaga Blvd SY LC, LLC, and Manlius St SY LC, LLC, and ABC

3

Corporations 1-100 which act as joint employers with Defendant Phoenix Nexus.

16. Defendant Main St LC LLC is a Pennsylvania corporation with a principal place of business at 406 Executive Drive, Langhorne, Pennsylvania 19047. Defendant Main St LC LLC owns, operates, manages, or otherwise controls the business of its particular Little Caesars restaurant location in concert with Defendants Little Caesars Enterprises, Inc. and Defendant Phoenix Nexus, Inc., including locations where Named Plaintiffs performed work.

17. Defendant Salina St SY LC, LLC is a Pennsylvania corporation with a principal place of business at 406 Executive Drive, Langhorne, Pennsylvania 19047. Salina St SY LC, LLC owns, operates, manages, or otherwise controls the business of its particular Little Caesars restaurant location in concert with Defendants Little Caesars Enterprises, Inc. and Defendant Phoenix Nexus, Inc., including locations where Named Plaintiffs performed work.

18. Defendant Onondaga Blvd SY LC, LLC is a Pennsylvania corporation with a principal place of business at 406 Executive Drive, Langhorne, Pennsylvania 19047. Onondaga Blvd SY LC, LLC owns, operates, manages, or otherwise controls the business of its particular Little Caesars restaurant location in concert with Defendants Little Caesars Enterprises, Inc. and Defendant Phoenix Nexus, Inc., including locations where Named Plaintiffs performed work.

19. Defendant Manilus ST SY LC LLC is a Pennsylvania corporation with a principal place of business at 406 Executive Drive, Langhorne, Pennsylvania 19047. Defendant Manilus ST SY LC LLC owns, operates, manages, or otherwise controls the business of its particular Little Caesars restaurant location in concert with Defendants Little Caesars Enterprises, Inc. and Defendant Phoenix Nexus, Inc., including locations where Named Plaintiffs performed work.

20. Defendant Primera Holdings Corp. is a New York corporation with a principal place of business at 709 North Main Street, #6, Syracuse, New York 13212. Defendant Primera Holdings Corp. owns, operates, manages, or otherwise controls the business of several Little

Caesars restaurant locations in concert with Defendants Little Caesars Enterprises, Inc. and Defendant Phoenix Nexus, Inc., including locations where Named Plaintiffs performed work.

21. Upon information and belief, Defendants ABC Corporations 1-100 are presently unknown corporations operating Little Caesars restaurants throughout the state of New York. ABC Corporations 1-100 are subsidiaries and/or are controlled by Defendants Little Caesar Enterprises, Inc. and/or Phoenix Nexus LLC, and acted as "employers" as defined under the NYLL and FLSA by, *inter alia*, exercising control over the employment terms and conditions of Plaintiffs, including the authority to determine the rate and method of pay, work schedules, maintain employment records, and otherwise affect the quality of employment of employees at ABC Corporations 1-100. Defendants Little Caesar Enterprises, Inc. and/or Phoenix Nexus LLC exercise functional control over the operations of all ABC Corporations 1-100 and have authority over all employee related decisions and operate as joint employers and/or as a single integrated enterprise.

22. At all relevant times hereto, Defendants were "employers" of Plaintiffs and other similarly-situated employees, within the meaning of the NYLL and FLSA.

23. At all relevant times, Defendants maintained control, oversight, and direction over the operations of the work performed by Plaintiffs, including payroll practices, and had the power to hire and fire Plaintiffs.

24. At all relevant times, Defendants had substantial control of the working conditions of Plaintiffs and over the unlawful policies and practices alleged herein.

25. Defendant Little Caesars Enterprises Inc. entered into franchise agreements with Defendant Phoenix Nexus LLC, but retains substantial control over the day-to-day operations of its restaurants.

26. For example, Defendant Little Caesars Enterprises Inc. provides each of its franchisees with manuals that set forth in detail the procedures, methodology, and standards

5

applicable to the operation of a Little Caesars restaurant. The manuals provide detailed and specific guidance and standards regarding the operation of a Little Caesars restaurant. Defendant Little Caesars Enterprises Inc. conducts inspections of its franchisee restaurants to ensure they are meeting operational standards.

27. As another example, Defendant Little Caesars Enterprises Inc. requires its franchisees to use its chosen software for timekeeping, tracking orders and sales, and otherwise managing store data.

28. At all relevant times hereto, under 29 U.S.C. § 201 *et seq.* and the cases interpreting the same, Defendants were "enterprises" engaged in commerce or in the production of goods for commerce.

29. Upon information and belief, Defendants gross yearly revenues are in excess of $500,000.00.

30. At all relevant times, Plaintiffs performed work for Defendants that required them to handle or otherwise work with goods or materials that have been moved and produced for commerce. For example, they handle pizza making equipment and ingredients, cash registers, telephones, and computers.

## **FACTS**

31. Named Plaintiff Horner worked as a Manager at the Little Caesar's restaurant located on Wolf Street in Syracuse, New York from approximately September 2019 to August 2022.

32. Named Plaintiff Horner has also worked at the Little Caesar's restaurant locations in East Syracuse (Manilus Street), North Syracuse (Main Street), and Syracuse (South Salina Street and Onondaga Boulevard).

33. Named Plaintiff Horner typically worked five days per week from 12:00 p.m. to

10:00 p.m. for a total of approximately 50 hours per week. However, if a co-worker called out and he had to cover their shift, he often worked more hours than that. This happened anywhere from one to fifteen times per month. As a result, there are weeks that Named Plaintiff has worked over 70 hours.

34. When Named Plaintiff Horner worked over 40 hours in a week, he did not receive any overtime compensation at a rate higher than his compensation for the first 40 hours in that week.

35. When Named Plaintiff Horner worked 50 hours or more in a week, he was paid a flat rate of $957.50 for 50 hours of work, regardless of how many hours he worked in a week.

36. When Named Plaintiff Horner worked less than 50 hours in a week, he was paid approximately $18.00 per hour for all hours worked, and was not paid any overtime.

37. Named Plaintiff Horner spent 99% of his time performing non-exempt work such as preparing menu items such as dough, pizza, cheesy bread, crazy bread, and chicken wings, taking customer orders from the counter and over the telephone, washing dishes, sweeping and mopping, working the cash register, trash removal, snow removal and salting/sanding outside, washing windows, maintenance and minor repairs, cleaning and mowing parking lots in the locations that have them, and cleaning bathrooms in locations that have them.

38. Named Plaintiff Horner does not receive accurate wage statements from Defendant reflecting the actual hours worked, among other required information. For example, Named Plaintiff Horner's hours were always recorded as "0.00".

39. Named Plaintiff Horner did not receive all required wage notices during his employment with Defendants.

40. Named Plaintiff Horner is required to wear a uniform as a term and condition of his employment, including a shirt and a hat.

41. Defendants do not launder Named Plaintiff Horner's uniforms, nor do they pay him additional compensation per week for laundering of the uniforms.

42. Defendants only provided Named Plaintiff Horner with one shirt and one hat, and did not reimburse him for any additional required uniforms that he purchased.

43. Named Plaintiff Ann Marie Hudson has been employed by Defendants as an Assistant Manager at its Little Caesar's restaurant located on Wolf Street in Syracuse, New York since approximately April 2021.

44. Named Plaintiff Hudson typically works 25 to 30 hours per week.

45. Named Plaintiff Hudson is required to wear a uniform as a term and condition of her employment, including a shirt and a hat.

46. Defendants do not launder Named Plaintiff Hudson's uniforms, nor do they pay her additional compensation per week for laundering of the uniforms.

47. Defendants only provided Named Plaintiff Hudson with one shirt and one hat, and did not reimburse him for any additional required uniforms that he purchased.

48. Defendants misclassify Managers as exempt employees, even though their jobs are virtually identical to non-exempt employees, to circumvent the FLSA and the NYLL and avoid paying the Managers overtime.

49. While Managers are considered "managers," they engage in very little management duties and have no meaningful discretion in the operation of the restaurant.

50. In practice, the job duties of Managers are indistinguishable from co-managers, assistant managers, crew leaders, and crew members, which are classified as non-exempt and paid overtime compensation.

51. Defendants require all of its store employees, regardless of job title, to wear uniforms as a term and condition of their employment, including a shirt and a hat.

8

52. Defendants do not launder the required uniforms, nor do Defendants pay an additional compensation per week as required by the NYLL and 12 NYCRR § 146-1.7.

53. The uniform Defendants require its store employees to wear is not furnished to them in a sufficient manner consistent with average number of days per week that they work. Defendants only provide one shirt and one hat. Defendants require store employees to purchase any additional required uniform items, such as extra shirts or hats.

54. These additional uniform purchases are made for the benefit of Defendants.

55. By requiring store employees to purchase and pay for their own uniforms without reimbursing them, Defendants are violating the NYLL and 12 NYCRR § 146-1.8.

## COLLECTIVE ACTION ALLEGATIONS

56. Named Plaintiff Horner brings this action as a collective action to recover unpaid wages, including unpaid overtime compensation, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b), on behalf of himself and a collective of current and former Managers employed by Defendant in the state of New York from three years prior to the date this Complaint is filed through the date of trial.

57. Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Managers who have worked for Defendants in the state of New York from three years prior to the date this Complaint is filed through the date of trial and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("NY Collective").

*58.* Named Plaintiff Horner alleges on behalf of himself and the NY Collective that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

9

60. Defendant has engaged in a continuing and willful violation of the FLSA.

61. There are numerous similarly-situated current and former Managers of Defendants who have worked over 40 hours a week without appropriate overtime pay, in violation of the FLSA. These Managers all had similar, if not identical, job responsibilities. These Managers all spend over 90% of their time performing non-managerial tasks and only superficially differed from hourly, non-exempt workers.

62. These similarly-situated current and former Managers would benefit greatly from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the lawsuit pursuant to 28 U.S.C. § 216(b). These similarly-situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. As such, notice should be sent to past and present Managers of Defendants'.

## CLASS ACTION ALLEGATIONS

63. Named Plaintiffs Horner and Hudson further bring this action as a state-wide class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and a class of current and former employees of Defendants within the State of New York to recover unpaid wages, including premium overtime compensation for all hours worked in excess of 40 per workweek, reimbursement for purchasing and laundering of uniforms, and wage notice and pay statement violations, pursuant to the NYLL.

64. Named Plaintiffs bring this suit on behalf of themselves and two subclasses class of similarly situated persons composed of:

> A) All current and former Managers misclassified as exempt from overtime who have worked for Defendant in the State of New York from six years prior to the date this Complaint is filed through the date of trial (the "NY Manager Class").
>
> B) All current and former employees required to wear a uniform, who have worked for Defendant in the State of New York from six years prior to the date this Complaint is filed through the date

of trial (the "NY Uniform Class")

65. The NY Manager Class and the NY Uniform Class are collectively referred to as the "NY Classes."

66. Named Plaintiffs allege on behalf of the NY Classes that Defendants violated the NYLL by, *inter alia*, failing to pay them overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given workweek, failing to properly compensate them for the laundering and purchasing of uniforms, and failing to provide accurate wage notice and pay statements.

67. The claims brought pursuant to the NYLL may be pursued by all similarly- situated persons who do not opt out of the NY Classes pursuant to Fed. R. Civ. P. 23.

68. The members of each of the NY Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of the NY Classes are unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are hundreds of individuals in each NY Class.

69. Common questions of law and fact, the answers to which will advance this litigation, exist as to the NY Classes and predominate over any questions only affecting them individually. Indeed, there are few if any purely individual issues in this case.

70. The questions of law and fact that are common to Plaintiff and all members of the NY Manager Class include, but are not limited to, the following:

(a) whether Managers are improperly classified as "exempt" employees under the NYLL;

(b) whether Managers were expected to and/or were mandated to regularly work hours without compensation in violation of the NYLL;

(c) whether Defendant has failed to pay Managers all overtime compensation

11

due to them for all hours worked in excess of 40 hours per week; and

   (d) whether Named Plaintiffs and members of the NY Class are entitled to liquidated damages and injunctive relief.

71. The questions of law and fact that are common to Plaintiff and all members of the NY Uniform Class include, but are not limited to, the following:

   (a) whether Defendant failed to properly compensate employees for the laundering and purchasing of uniforms; and

   (b) whether Named Plaintiffs and members of the NY Class are entitled to liquidated damages and injunctive relief.

72. The claims of Named Plaintiffs are typical of the claims of the members of the NY Classes they seek to represent. Named Plaintiffs and the members of the NY Classes work, or have worked, for Defendants and are, or were, subject to the same compensation policies and practices, including not being compensated for all hours worked and/or not being paid overtime compensation, and not being properly compensated for the laundering and purchasing of uniforms.

73. Named Plaintiffs will fairly and adequately protect the interests of the NY Classes as their interests are in alignment with those of the members of the NY Classes. They have no interests adverse to the class they seek to represent and have retained competent and experienced counsel.

74. The class action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. Common issues of law and fact predominate over any individual issues. The damages suffered by individual members of the NY Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the NY Classes to individually seek redress for the wrongs done to them.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT OVERTIME VIOLATIONS**
(On Behalf of the NY Collective)

75. Named Plaintiff Horner, on behalf of himself and the NY Collective, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

76. At all relevant times, Defendants have employed, and/or continues to employ, Named Plaintiff Horner and each of the NY Collective Members within the meaning of the FLSA.

77. At all relevant times, Defendants have had a willful policy and practice of misclassifying Named Plaintiff Horner and similarly situated Managers as "exempt" in order to avoid paying them for all hours worked or appropriate overtime compensation for all hours worked in excess of 40 hours per workweek.

*78.* As a result of the Defendants' willful failure to compensate its employees, including Named Plaintiff Horner and the members of the NY Collective, for all hours worked and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*

79. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

80. Due to the Defendants' FLSA violations, Named Plaintiff Horner, on behalf of himself and the members of the NY Collective, are entitled to recover from the Defendants: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW — OVERTIME VIOLATIONS**
(On Behalf of the NY Manager Class)

81. Named Plaintiff Horner, on behalf of himself and all NY Manager Class members,

reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

82. Plaintiffs were employed by Defendants within the meaning of the NYLL.

83. At all relevant times, Defendants have had a willful policy and practice of misclassifying Managers as "exempt" in order to avoid paying them for all hours worked or appropriate overtime compensation for all hours worked in excess of 40 hours per workweek.

84. As a result of the Defendants' willful failure to compensate its Managers for all hours worked and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continues to violate, N.Y. Lab. Law Article 19 §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

85. Due to the Defendants' violations of the NYLL, Named Plaintiff and the members of the NY Manager Class are entitled to recover from the Defendants: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to N.Y. Lab. Law Article 19 § 663.

## THIRD CAUSE OF ACTION
## NEW YORK FAILURE TO PROVIDE PAY STATEMENTS
(On Behalf of the NY Classes)

86. Named Plaintiffs Horner and Hudson, on behalf of themselves and all members of the NY Classes, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

87. Defendant has willfully failed to provide Named Plaintiffs and members of the NY Classes with accurate pay statements, as required by NYLL § 195(3), listing, *inter alia*, the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any,

claimed as part of the minimum wage; net wage, the regular hourly rate or rates of pay, the overtime rate or rates of pay, and the number of regular or overtime hours worked.

88. Through their knowing or intentional failure to provide Plaintiffs with the pay statements required by the NYLL, Defendant has willfully violated NYLL §§ 191(3) and the supporting New York State Department of Labor Regulations.

89. According to NYLL § 198-1(b), Plaintiffs are entitled to $250 for every day they did not receive a wage statement up to a total of $5000, together with costs and reasonable attorney's fees.

90. By the foregoing reasons, Defendant violated NYLL §§ 195(3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## NEW YORK FAILURE TO PROVIDE WAGE NOTICES
(On Behalf of the NY Classes)

91. Named Plaintiffs Horner and Hudson, on behalf of themselves and all members of the NY Classes, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

92. Defendants willfully failed to provide Named Plaintiffs and members of the NY Classes with accurate wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such

other information as the commissioner deems material and necessary.

93. Through their knowing or intentional failure to provide Plaintiffs with the wage notices and pay statements required by the NYLL, Defendants willfully violated NYLL §§ 191(1) and the supporting New York State Department of Labor Regulations.

94. According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every day they did not receive a wage notice up to a total of $5000, together with costs and reasonable attorney's fees.

95. By the foregoing reasons, Defendants violated NYLL §§ 195(1) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY FOR LAUNDERING REQUIRED UNIFORMS
**(On Behalf of the NY Uniform Class)**

96. Named Plaintiffs Horner and Hudson, on behalf of themselves and all members of the NY Uniform Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

97. The NYLL and the regulations promulgated thereunder, 12 NYCRR §146-1.7(a), provide that where an employer does not maintain required uniforms for any employee, the employer shall pay the employee, in addition to the employee's agreed rate of pay, uniform maintenance pay of: on and after December 31, 2014: $ 10.90 per week for work weeks over 30 hours, $ 8.60 per week for work weeks of more than 20 hours but not more than 30 hours, and $ 5.20 per week for work weeks of 20 hours or less; on and after December 31, 2015: $ 11.20 per week for work weeks over 30 hours, $ 8.85 per week for work weeks of more than 20 but not more than 30 hours, and $ 5.35 per week for work weeks of 20 hours or less; on after December 31, 2016

98. The NYLL and the regulations promulgated thereunder, 12 NYCRR §146-1.7(a),

16

provide that, beginning on December 31, 2016 with rates increasing annually through the present, where an employer fails to launder or maintain required uniforms for any employee, the employer shall pay such employee, in addition to the agreed rate of pay, uniform maintenance pay at a weekly rate based on the number of hours the employee works, the size of the employer, and whether the employer is located in New York City, in the remainder of downstate New York (Nassau, Suffolk, and Westchester counties), or the remainder of New York State (outside of New York City, Nassau, Suffolk, and Westchester counties), as specified in 12 NYCRR §146-1.7(a).

99. Defendants required Plaintiffs to wear a uniform during the performance of their employment duties, including a shirt and hat.

100. Defendants only provide Plaintiffs with one shirt and one hat.

101. Defendants do not launder the uniforms or provide Plaintiffs with the additional compensation required under the NYLL and 12 NYCRR § 146-1.7.

102. In failing to launder the required uniforms and in failing to pay Plaintiffs the additional required laundry costs incurred by Plaintiffs, Defendants have violated the NYLL and 12 NYCRR §146-1.7.

103. The uniforms Defendants required Named Plaintiffs and NY Uniform Class members to wear is not furnished to Plaintiffs in a sufficient number consistent with the average number of days per week that they work.

104. Defendants' failure to comply with the NYLL and applicable regulations regarding uniform maintenance pay caused Plaintiffs to suffer loss of wages and interest thereon.

105. Upon information and belief, Defendants' failure to comply with the NYLL and applicable regulations thereunder was willful.

106. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants the additional sums due to them for laundering of required uniforms, reasonable

attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
## FAILURE TO REIMBURES FOR PURCHASING OF REQUIRED UNIFORMS
### (On Behalf of the NY Uniform Class)

107. Named Plaintiffs Horner and Hudson, on behalf of themselves and all members of the NY Uniform Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

108. The NYLL and the regulations promulgated thereunder, 12 NYCRR §146-1.8 provides that, "[w]hen an employee purchases a required uniform, he or she shall be reimbursed by the employer for the total cost of the uniform no later than the next payday. Employers may not avoid such costs by requiring employees to obtain uniforms before starting the job."

109. Upon information and belief, Defendants maintained a policy and practice of requiring Plaintiffs to purchase additional uniforms without reimbursing them.

110. Upon information and belief, Defendants' failure to comply with the NYLL and applicable regulations thereunder was willful.

111. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants the additional sums due to them for laundering of required uniforms, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

## .PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs, individually and on behalf of themselves and all other similarly situated members of the NY Collective, NY Manager Class, and NY Uniform Class, respectfully request that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the NY Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual

Consents to Sue pursuant to 29 U.S.C. § 216(b);

B. Designation of the action as a class action under Fed. R. Civ. P. 23 on behalf of the NY Classes;

C. An award of unpaid compensation and damages to Named Plaintiffs and members of the NY Collective and NY Classes on all causes of action;

D. An award of liquidated damages to Named Plaintiffs and members of the NY Collective and NY Classes;

E. An award of prejudgment and post-judgment interest to Named Plaintiffs and members of the NY Collective and NY Classes;

F. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Named Plaintiffs and members of the NY Collective and NY Classes; and

G. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: December 9, 2022

*/s/ James Emmet Murphy*
James Emmet Murphy, Esq.
Michele A. Moreno, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel:   (212) 943-9080
Fax:   (212) 943-9082
jmurphy@vandallp.com
mmoreno@vandallp.com

*/s/ Frank S. Gattuso*
Frank S. Gattuso
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066

(315) 314-8000
fgattuso@gclawoffice.com

*Attorneys for Named Plaintiffs and the putative NY Collective and NY Classes*